# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

OLIVIA JOHNSON,

        Plaintiff,

v.

GINA ABADI and HONG YI ZENG,

        Defendants.

Case No. 25-CV-1841-JPS

**ORDER**

      On November 20, 2025, Plaintiff Olivia Johnson ("Plaintiff") filed this action and moved for leave to proceed in forma pauperis, or without prepayment of the filing fee. ECF Nos. 1, 2. This Order briefly screens Plaintiff's complaint and—finding that the complaint fails to state a claim and considering the identical actions that Plaintiff has filed across the country and the likelihood that this action is frivolous and/or malicious—dismisses this action.

      When a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, FED. R. CIV. P. 12(h).

      A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court

may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A "malicious" complaint is one that is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (collecting cases).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal bracketing omitted). Notwithstanding the district court's obligation to accept the facts alleged in the complaint as true, it is not required "to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citing *Nietzke*, 490 U.S. at 327–28 and *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (collecting cases).

Plaintiff's factual allegations are, in their entirety, that Defendants Gina Abadi and Hong Yi Zeng ("Defendants") "conspired together in violation of due process rights" and, therefore, that Plaintiff is entitled to $1 million. ECF No. 1. She also alleges that the Court "has jurisdiction under federal law." *Id.* The allegations end there, however, leaving no factual material whatsoever but only these mere legal conclusions. Moreover, the complaint does not provide "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

Page 2 of 5
Case 2:25-cv-01841-JPS    Filed 12/09/25    Page 2 of 5    Document 5

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), to Defendants or to the Court. Who are Defendants, and what did they allegedly do to harm Plaintiff, when, and where? Plaintiff's complaint answers none of these questions. It therefore fails to state a claim on which relief can be granted, and this case is subject to dismissal on this basis alone.

"Ordinarily, . . . a plaintiff whose original complaint [is subject to] dismiss[al] under Rule 12(b)(6) [for failure to state a claim] should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (collecting cases). However, leave to amend need not be granted if the district court finds that "any amendment would be futile." *Id.* (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

The Court finds that dismissal without further leave to amend is appropriate in this case. Not only does Plaintiff's complaint fail to state a claim, but she has also simultaneously filed identical complaints in four other districts. *Johnson v. Abadi et al.*, Case No. 25-CV-1356, ECF No. 1 (M.D. Tenn. Nov. 21, 2025); *Johnson v. Abadi et al.*, Case No. 25-CV-1471, ECF No. 1 (C.D. Ill. Nov. 21, 2025); *Johnson v. Abadi et al.*, Case No. 25-CV-1824, ECF No. 1 (W.D. La. Nov. 20, 2025); *Johnson v. Abadi et al.*, Case No. 25-CV-13481, ECF No. 1 (D. Mass. Nov. 20, 2025). The fact that Plaintiff raises identical but similarly undeveloped allegations against the exact same Defendants in all five actions strongly suggests that this action is factually baseless and, therefore, frivolous and/or is intended to harass Defendants. *Lindell*, 352 F.3d at 1109. Additionally, even if Plaintiff had provided any concrete factual allegations to draw from, it would be highly implausible that Defendants have ties to all five judicial districts and harmed Plaintiff in each

one of them such that venue would be proper in each of these districts. *See* 28 U.S.C. § 1391(b). Under these circumstances, the Court believes that permitting Plaintiff to amend her complaint would be futile and would only result in further unnecessary expenditures of judicial resources.

For these reasons, the Court will dismiss this case and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee. The dismissal will operate, at this time, without prejudice. Although Plaintiff's complaint together with her litigation history suggests that this action is frivolous and/or malicious, the Court does not yet find dismissal with prejudice warranted, as this would likely preclude Plaintiff from attempting to litigate her claims in any federal forum.[1] However, if Plaintiff refiles an action identical to her current lawsuit in this District, the action may be subject to dismissal *with* prejudice, and she may be barred from filing further cases.

Accordingly,

**IT IS ORDERED** that Plaintiff Olivia Johnson's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

---

[1] If another district court in which Plaintiff's cases are pending finds that Plaintiff's complaint (1) can state a claim and (2) is more properly heard in this District, then the case can be transferred here pursuant to 28 U.S.C. § 1404, the change of venue statute.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge